643 So.2d 1221 (1994)
STATE of Louisiana
v.
George Paul SMITH.
Nos. 94-KK-1221, 94-KK-1222 and 94-KK-1223.
Supreme Court of Louisiana.
October 7, 1994.
Rehearing Denied November 18, 1994.
PER CURIAM:
Rulings of the Third Circuit in Nos. K94-111, K94-025 and K94-252 are vacated and the case is remanded to the district court as follows.
The district court's decision to admit only a redacted version of Lavalais's videotaped confession to the police in 1992 at trial, omitting direct inculpation of relator, is reinstated. The statement did not advance the objectives of the alleged 1985 conspiracy to murder relator's wife but brought the illegal agreement to the attention of the authorities. The statement is there-fore not admissible against relator under the co-conspirator exception to the hearsay rule. La. C.E. art. 801(D)(3)(b). Moreover, to the extent that it directly implicates relator in the death of his wife, the statement is presumptively unreliable in the absence of extraordinary circumstances not revealed by the present record. See Lee v. Illinois, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986). The court ruled properly that Lavalais's self-inculpatory admissions in the videotaped confession *1222 constituted statements against his interest for purposes of La.C.E. art. 804(B)(3). See Williamson v. United States, ___ U.S. ___, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). Provided that they are properly redacted to omit direct mention of relator, those statements are admissible against relator at a trial based on a co-conspirator theory of liability, as tending to prove that Lavalais accomplished the objective of the conspiracy. Id., at ___, 114 S.Ct. at 2436.
The district court's ruling admitting in their entirety Lavalais's statements to his uncle shortly after commission of the offense is reversed. As with Lavalais's subsequent videotaped confession, these statements did not advance the objectives of the alleged conspiracy and are therefore not admissible under the co-conspirator exception to the hearsay rule in La.C.E. art. 801(D)(3)(b). The district court should reconsider the admissibility of the statements, either in their entirety or redacted to omit direct mention of relator, in light of La.C.E. art. 804(B)(3) and Williamson v. United States.
The district court's decision to admit the entirety of the letter written by relator to Lavalais but never delivered to him is reversed. The contents of the letter represent the admissions of a party opponent under La.C.E. art. 801(D)(2)(a), but the court should excise references to other crimes as to which evidence is not admissible. La.C.E. art. 1103; La.C.Cr.P. art. 770(2).
In all other respects, the applications are denied.
DENNIS, J., not on panel.
LEMMON, J., would grant and docket.
KIMBALL, J., would deny the writ.